| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| MICHAEL DAVID STUNTZ, ET AL., <br> Plaintiffs, | § <br> § <br> § | |
| versus | § | CASE NO. 1:14-CV-00173-MAC |
| ASHLAND ELASTOMERS, LLC, ET AL., <br> Defendants. | § <br> § <br> § <br> § | |

# ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING DEFENDANT LION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF STUNTZ'S RETALIATION CLAIM

This case is assigned to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. On September 21, 2018, Judge Hawthorn entered a report (Doc. No. 268) recommending the Court grant "Defendant Lion's Motion for Partial Summary Judgment" (Doc. No. 216) and dismiss Plaintiff Stuntz's retaliation claims with prejudice.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Stuntz raises three objections to Judge Hawthorn's report, but these objections are largely a restatement of his arguments in his response and sur-reply to Lion's Motion for Partial Summary

Judgment.  *See* Doc. Nos. 226-1, 234.  After considering Stuntz's objections, the court finds they are without merit and that Judge Hawthorn's findings and conclusions are correct.

It is, therefore, **ORDERED** that the magistrate judge's "Report and Recommendation" (Doc. No. 268) is **ADOPTED**, Defendant Lion's Motion for Partial Summary Judgment (Doc. No. 216) is **GRANTED**, and Plaintiff Stuntz's individual retaliation claim under the Fair Labor Standards Act against Lion Elastomers is **DISMISSED** with prejudice.

**Signed  this date**
**Oct 17, 2018**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE