| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MICHAEL DAVID STUNTZ, §
INDIVIDUALLY AND ON BEHALF OF §
ALL THOSE SIMILARLY SITUATED; §
AND DWAYNE A NEWMAN, §
       Plaintiffs, §
 §
*versus* § CASE NO. 1:14-CV-00173-MAC
 §
ASHLAND ELASTOMERS, LLC, ISP §
SYNTHETIC ELASTOMERS, LP, ISP §
SYNTHETIC ELASTOMERS, LLC, §
LION ELASTOMERS LLC, §
       Defendants. §

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION FOR RECONSIDERATION

      This case is assigned to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. On December 7, 2018, Judge Hawthorn entered a report (Doc. No. 280) recommending the Court deny "Plaintiffs' Motion for Partial Reconsideration" (Doc. No. 181) to reconsider and vacate two discrete factual findings within the court's prior "Order Granting Defendant Ashland Elastomers's and Lion Elastomers's Motions for Partial Summary Judgment." *See* Doc. No. 101.

      A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiffs raise three objections to Judge Hawthorn's report. First, Plaintiffs object that newly discovered evidence establishes that the contested factual findings, namely the elimination of early shift relief and the relocation of the time clocks, were unilateral decisions made by Ashland, and not based on an agreement between the Union and Ashland. Doc. No. 282, at 1. After considering this "newly discovered evidence," the court finds that the evidence does not establish that conclusion. Rather, the Wage Agreement provides for the agreed upon terms between Ashland and the Union to eliminate early shift relief and relocate the time clocks, and the new documents illustrate follow-ups to the negotiation meetings and implementation of the Wage Agreement's terms. Plaintiffs' remaining objections are largely a restatement of previously asserted arguments.

It is, therefore, **ORDERED** that Plaintiffs' objections (Doc. No. 282) are **OVERRULED**, the magistrate judge's report and recommendation (Doc. No. 280) is **ADOPTED**, and Plaintiffs' "Motion for Partial Reconsideration" (Doc. No. 181) is **DENIED**.

SIGNED at Beaumont, Texas, this 16th day of January, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE